UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10038 FMO (SKx) | Date | November 24, 2025 |
|---|---|---|---|
| Title | Molly Malo v. Industrious National Management Company LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Remanding Action

On September 9, 2025, Molly Malo ("Malo" or "plaintiff") filed a Complaint in the Los Angeles County Superior Court against Industrious National Management Company LLC, Joshua Mosshart, and Does 1 through 100 (collectively, "defendants"), alleging sexual harassment, discrimination, and retaliation claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq.; Cal. Labor Code § 1102.5; and Cal. Civ. Code §§ 51, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 3-4); (Dkt. 1-1, Complaint at p. 1 & ¶¶ 23-76). On October 20, 2025, Industrious National Management Company LLC ("INMC" or "defendant") removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b). (See Dkt. 1, NOR at ¶ 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10038 FMO (SKx) | Date | November 24, 2025 |
|---|---|---|---|
| Title | Molly Malo v. Industrious National Management Company LLC, et al. | | |

be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (noting that a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties. Plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 10), whereas INMC is a citizen of Delaware and Texas for jurisdiction purposes.[3] (Id. at ¶¶ 11-15). However, defendant Joshua Mosshart ("Mosshart") is a citizen of California.[4] (Id. at ¶ 17). INMC contends that Mosshart's California citizenship should be disregarded and that the local defendant rule does not apply here because he has not been served. (see Dkt. 1, NOR at ¶¶ 17-18).

As the Ninth Circuit recently described, INMC effected "what is known as a 'snap removal' – filing its notice[] of removal before service of the summons and complaint." Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024). The Ninth Circuit has declined to rule on "the permissibility of snap removals[,]" id. at 950 n. 1, and thus there remains a "split among courts on how to handle [them]." See Kornfeind v. Kia Am., Inc., 2023 WL 8456111, *2 (C.D. Cal. 2023) (noting the lack of controlling authority).

INMC contends that snap removal is a permissible practice and a proper means for avoiding the local defendant rule. (See Dkt. 1, NOR at ¶¶ 18-20). "But no case holds that defendant[] can use snap removal" to establish federal subject matter jurisdiction. See Menchaca v. Howmet Aerospace, Inc., 2023 WL 2504995, *3 (C.D. Cal. 2023) (remanding where defendant

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

[3] INMC states that "the members and partners of INMC include CBRE, Inc. ("CBRE") and Berkshires Blocker LLC ("Berkshires"). CBRE holds approximately 90% of INMC. Berkshires holds approximately 10% of INMC . . . [and] CBRE holds 100% of Berkshires." (Id. at ¶ 12). "Thus, the relevant citizenship of [] INMC for diversity purposes is that of CBRE." (Id.). CBRE is incorporated in Delaware and has its principal place of business in Texas. (Id. at ¶ 14).

[4] Plaintiff alleges Mosshart was a tenant of INMC's co-working space where Plaintiff worked as a Member Experience Manager. (See Dkt. 1-1, Complaint at ¶¶ 8-9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10038 FMO (SKx) | Date | November 24, 2025 |
|---|---|---|---|
| Title | Molly Malo v. Industrious National Management Company LLC, et al. | | |

attempted to use snap removal to establish complete diversity of citizenship); Trotta v. URS Fed. Servs., Inc., 532 F.Supp.3d 985, 986 (D. Haw. 2021) ("Defendants misapprehend the snap removal doctrine, which cannot create jurisdiction where, as here, the parties are not diverse in the first instance."). In short, the court joins other district courts in holding that "[w]hen evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served." Greenway Nutrients, Inc. v. Pierce, 2022 WL 17486359, *2 (C.D. Cal. 2022) (internal quotation marks omitted). INMC seeks to use snap removal as an end-run around the requirement of complete diversity, see 28 U.S.C. § 1332(a), by removing the action before Mosshart, the non-diverse defendant, was served. (See Dkt. 1, NOR at ¶ 21). Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Los Angeles County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are **denied as moot**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |